■ Nettie Cooper et al., Appellants, v Van Cortlandt Associates et al., Respondents.—Order, Supreme Court, Bronx County, entered on March 10, 1976, is unanimously modified, on the law and the facts, so as to deny the motion to dismiss the amended complaint insofar as it relates to paragraphs 1, 3, 5, 6, 9, 10, 16, 17, 18, 19, 20, 24, 26, 28, 30, 31, 32 and 40 of the amended complaint. The remaining paragraphs of the amended complaint are stricken; the third, fifth, eighth and ninth causes of action are dismissed. The paragraphs that are not stricken (including the titles of the causes of action not stricken) shall be deemed the second amended complaint without the necessity for physical rewriting of such second amended complaint or service thereof upon the parties who have heretofore been served with the amended complaint. (If it becomes necessary to make additional copies of the second amended complaint, the material that is stricken may be physically omitted without changing the paragraph numbers.) By this disposition, the portion of the order appealed from granting

plaintiffs leave to serve a further amended complaint becomes inapplicable and plaintiffs are not granted such leave. Defendants shall have leave to answer said second amended complaint within 30 days after publication of a memorandum of this decision in the *New York Law Journal.* No costs are awarded to either party as against the other. Plaintiffs, nonlawyers, are prosecuting this action *pro se.* The action was begun in June, 1975. On August 27, 1975 plaintiffs served their complaint which apparently was long, rambling, and without separately numbered paragraphs and causes of action. On defendants' motion under CPLR 3024 (subd [a]), Special Term directed plaintiffs to serve an amended complaint which should separately state and number each allegation. Plaintiffs served an amended complaint verified November 13, 1975 which did separately state and number allegations and purported to contain nine causes of action. By purported cross motion, dated December 16, 1975, defendants moved to dismiss the complaint for failure to state a cause of action. Special Term granted this motion and dismissed the complaint with leave to serve a new complaint within 20 days. The Special Term Justice said: "While the present pleading contains elements of a cause of action in some aspects, the broad addition of unrelated and irrelevant matter to those portions of the complaint properly pleaded renders it impossible for defendants to properly respond to the allegations made." From this order plaintiffs take the present appeal. The appropriate remedy for a pleading so defective that a defendant cannot reasonably be required to respond to it is a motion for a more definite statement under CPLR 3024 (subd [a]) or to strike scandalous or prejudicial matter under CPLR 3024 (subd [b]), to be made within 20 days after service of the challenged pleading (CPLR 3024, subd [c]). The present motion is to dismiss for failure to state a cause of action, i.e., under CPLR 3211 (subd [a], par 7), and it was not made within the 20-day period. More important, as Special Term recognized, the complaint does contain elements of a cause of action in some aspects. It is now more than a year since plaintiffs served their first complaint and the parties are still squabbling about the first pleading in the action. These *pro se* plaintiffs may never be capable of writing a competent lawyer-like complaint. But the previous history does indicate the possibility that they may have a cause of action, and the case should not be allowed to be stalled forever on plaintiffs' inability to write a lawyer-like complaint. Normally we would not do more than affirm or reverse the order appealed from; certainly we cannot write the plaintiffs' complaint for them. But in this case, as the complaint contains both elements of a cause of action, and unrelated and irrelevant matter, we think the interest of justice would be better served by leaving in the complaint what has substance and affirming the order striking so much of the complaint as is legally unrelated, irrelevant or plainly insufficient. The basic pleading requirement is set forth in CPLR 3013: "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Applying this requirement liberally to the present case, we think plaintiffs have stated that they have wrongfully been evicted from their apartment by defendants; that their household possessions have been damaged by defendants; that their apartment has been damaged by defendants; and that defendants, who are either plaintiffs' landlords or landlords' agents, have harrased them. Accordingly, we have determined to permit the allegations relating to those claims to stand. Other particulars as to these claims, e.g., the relationship of the parties, the dates when the particular conduct is

alleged to have taken place, the facts as to the particular conduct, the damage claimed on each cause of action, etc., can be elicited by a demand for a bill of particulars. And if claims are asserted which do not merit a trial, they can be the subject of a motion for summary judgment, where the claims can be disposed of on the basis of factual affidavits rather than defects of pleading draftsmanship. On the other hand, we have claims which are plainly insufficient. Thus the third cause of action for libel and slander appears on its face to relate only to statements made in affidavits submitted in court actions. There is no suggestion that they are not pertinent. They are thus protected by absolute privilege. (1 Seelman, Libel & Slander [1964], par 192.) Again, bare allegations that defendants "are responsible for our missing things" or "have caused plaintiffs extreme anxiety" or have "tried to injure our credibility" are so conclusory as not to give defendants notice of the transactions or occurrences intended to be proved. Finally, we note that if we were to direct plaintiffs to serve an amended complaint in accordance with our ruling here, there is a good chance that they would do it wrong and there would be another motion for failure to follow our ruling in some respect plain to lawyers but not to plaintiffs. Accordingly, we direct that the complaint is deemed amended by striking the portions of the complaint indicated, the balance to stand as the second amended complaint. For the same reasons, plaintiffs are not granted leave to serve another further amended complaint. Concur—Murphy, J. P., Lupiano, Silverman, Nunez and Lynch, JJ.